HARRY R. YOUNG, TO THE USE OF HARRY R. YOUNG AND MORRIS W. KATZEN, PARTNERS, TRADING AS HARRY R. YOUNG AND MORRIS W. KATZEN, PLAINTIFF-RESPONDENT, v. JAMES R. CRUMBIE, DEFENDANT-APPELLANT.

Argued May 5, 1927—Decided November 25, 1927.

Sale of Real Estate—Agent's Commissions—Agent Entered Into Contract for a Limited Time to Sell Property—On Day of Expiration of Limit Agent's Partner Produced a Purchaser —Owner Refused to Deal Through Partner on Ground That He Did Not Know Him in Transaction—Verdict Directed in Court Below for the Plaintiffs—Held, Error, That a Broker Authorized to Sell Property is Ordinarily Without Authority to Delegate His Powers to Another.

On appeal from the Atlantic County Circuit Court.

Before Gummere, Chief Justice, and Justices Black and Lloyd.

For the appellant, *Louis A. Repetto.*

For the respondent, *Ulysses G. Styron.*

Per Curiam.

Plaintiff obtained a judgment in the Atlantic Circuit Court for commissions claimed to have been earned under a written employment, the pertinent part of which reads:

"Dear Mr. Young:

Upon representation by you that you have a party interested in the purchase of my Boardwalk property in Atlantic City, I will agree to give you a thirty-day option from this date to secure a purchaser for this property on the following terms and conditions:

I hereby agree to allow you a commission of three per cent. as allowed by the real estate board of Atlantic City, this commission to be paid only if sale is completed as provided above, and to be paid only at final settlement."

The contract was dated February 15th, 1926.

Whether Young had a party interested at the time does not appear, but shortly after making the agreement he called on Crumbie and told him he had a purchaser, but this came to nothing and Young went to Cuba, leaving the matter in the hands of Morris Katzen, his partner. On the last day of the agreement Katzen took Louis Satinov to Crumbie as a purchaser, and the latter made formal tender of performance under its terms. This Crumbie refused, declaring that he did not know Katzen. The action was then brought by Young to the use of himself and Katzen, trading as partners, and on the trial a verdict was directed by the court in favor of the plaintiff for $15,000. To this ruling an exception was taken by the defendant.

Among the grounds of appeal is one that the contract was presonal to Young and that Crumbie was not obliged to deal with Katzen. We think the direction of a verdict was error. A broker or agent authorized to sell property or to procure a purchaser is ordinarly without authority to delegate his powers to another. 2 *Corp. Jur.* 686, and cases cited. There is nothing in the case to indicate that it is an exception to the rule.

The judgment is reversed.